UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALEXANDER BONNANE MATOS,                                            Petitioner,

v.                                                    Civil Action No. 3:26-cv-542-DJH

JEFF TINDALL, Jailer, Oldham County
Detention Center et al.,                                            Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Pro se petitioner Alexander Bonnane Matos, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention by immigration authorities violates the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 4), and they have submitted briefs setting out their respective legal arguments (D.N. 6; D.N. 8).  After careful consideration, the Court will grant Matos's petition for the reasons explained below.

## I.

Matos is a native and citizen of Cuba.  (D.N. 1, PageID.1 ¶ 18; *see* D.N. 1-6, PageID.70) He entered the United States on December 9, 2023, and was paroled into the country.[1]  (D.N. 1-6, PageID.70; *see* D.N. 1-8, PageID.78)  The parole automatically expired on December 7, 2025. (*See* D.N. 1-8, PageID.78)  On the same day that Matos entered the United States, he was placed in removal proceedings via a Notice to Appear, which designated him as an "arriving alien."

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

1

(D.N. 1-6, PageID.70)  On April 8, 2026, Louisville Metro Police arrested Matos for speeding, failing to possess a license, and possessing cocaine.  (*See* D.N. 1-9, PageID.80–81; D.N. 6-1, PageID.127)  The cocaine charge was amended down, and Matos was found guilty of speeding and failing to possess a license.  (*See* D.N. 1-9, PageID.80–81)  U.S. Immigration and Customs Enforcement (ICE) detained Matos pursuant to an immigration detainer.  (*See* D.N. 6-1, PageID.127)  On May 19, 2026, an immigration judge denied Matos's application for asylum and withholding of removal and ordered that he be removed to Cuba.  (*See* D.N. 6-3, PageID.130–32)  Matos's appeal of that decision is pending before the Board of Immigration Appeals.[2]  (*See* D.N. 1-4, PageID.56–62)  He remains detained at the Oldham County Detention Center in La Grange, Kentucky.  (D.N. 1, PageID.3 ¶ 5)

Matos seeks a writ of habeas corpus against Oldham County Jailer Jeff Tindall, the Chicago ICE Field Office Director, Acting ICE Director David Venturella, Department of Homeland Security Secretary Markwayne Mullin, and U.S. Attorney General Todd Blanche.  (*See id.*, PageID.7–8 ¶¶ 20–24)  Matos alleges that his detention violates due process under the Fifth Amendment.  (*See id.*, PageID.22–23 ¶¶ 80–85)  He seeks immediate release.  (*See id.*, PageID.26)  Respondents argue that Matos is properly detained under 8 U.S.C. § 1225(b)(2) as an arriving alien and that his detention does not violate due process.[3]  (*See* D.N. 6, PageID.113–24)

---

[2] The immigration judge's order is not executed while the appeal is pending.  *See* 8 C.F.R. § 1003.6(a).

[3] Respondents do not contest that the Court has jurisdiction to review Matos's petition (*see generally* D.N. 6).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Matos must exhaust administrative remedies.  (*See generally* D.N. 6)  Therefore, the Court will not address those issues.

2

## II.

### A.    Immigration and Nationality Act

The Court previously addressed arguments related to a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the petitioner was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired. *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he was not an arriving alien, he was not automatically returned to mandatory detention, and he remained an applicant for admission. *See id.* at *2–3. The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because he was not "seeking admission" as that provision requires. *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States. *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)). The Court concluded that § 1226(a) applied to the petitioner's detention because that provision "generally governs the process of arresting and detaining [noncitizens] once inside the United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)); *see also Ontiveros v. Warden Corr. Ctr. of Nw. Ohio*, No. 3:26-cv-632, 2026 WL 1109422, at *5 (N.D. Ohio Apr. 24, 2026) (rejecting argument that "an arriving immigrant who is paroled and whose parole expires remains an ['arriving alien'] even when that term no longer logically applies to them"); *Matkarimov v. Noem*, No. 26-48-DLB, 2026 WL 700072, at *2 (E.D. Ky. Mar. 12, 2026) (collecting cases and finding that "once

3

Petitioner's parole expired, yet he remained in the country undetected, he would have similar status to any other undocumented immigrant who entered the United States without inspection").

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–23. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, immigration authorities detained Matos in the United States after he overstayed his parole. (*See* D.N. 6-1, PageID.127) Like the petitioner in *Quintero*, Matos is an applicant for admission because he has not been admitted to the United States. (*See* D.N. 1-6, PageID.70 (stating that Matos applied for admission)) And like the petitioners in *Lopez-Campos*, Matos is not seeking admission because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Lopez-Campos*, 175 F.4th at 723. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Matos's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281,

4

303 (2018))).  Matos is thus entitled to a bond hearing.  *See id.* at 719 (affirming district courts'

findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B.      Due Process**

Matos's detention without a bond hearing violates due process.  *See id.*  Because he has not

received such a hearing (*see generally* D.N. 1; D.N. 6), the Court must determine the proper

remedy.  *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio

May 15, 2026).  "Habeas has traditionally been a means to secure release from unlawful detention."

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted).

Consistent with that understanding, this Court and others have ordered noncitizens' release upon

finding a due-process violation.  *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky.

2026) (ordering release and collecting cases in which courts ordered release from illegal

detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26,

2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20,

2025); *see also Hyppolite*, 808 F. Supp. 3d at 494 (ordering the petitioner's release and that the

respondents not re-detain him "without providing him notice and an opportunity to be heard at a

pre-deprivation bond hearing before a neutral decisionmaker").   In accordance with those

decisions, the Court will order Matos's immediate release.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is

hereby

**ORDERED** as follows:

(1)      Matos's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**.  Respondents

are **DIRECTED** to immediately release Matos and shall not re-detain him without notice and an

opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **August 13, 2026**.

(2) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 11, 2026

**David J. Hale, Chief Judge**
**United States District Court**

6